IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON R. PORTER, | ) | |
| | ) | No. 08 CV 2003 |
| Plaintiff, | ) | |
| | ) | Hon. Ruben Castillo |
| v. | ) | Judge Presiding |
| | ) | |
| RUSH UNIVERSITY MEDICAL CENTER | ) | Magistrate Judge Cole |
| | ) | |
| | ) | **Jury Trial Requested** |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES, Plaintiff, CLIFTON R. PORTER, by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, RUSH UNIVERSITY MEDICAL CENTER, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

1

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.    Plaintiff, born on February 11, 1955, is a fifty-three (53) year old citizen of the United States of America and is a resident of the State of Illinois.

5.    Defendant, RUSH UNIVERSITY MEDICAL CENTER, is a not for profit corporation properly organized and sanctioned by the laws of the State of Illinois which has continuously and does now employ more than fifteen (15) employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce.

## PROCEDURE

6.    Plaintiff filed Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 5, 2006, November 15, 2006, January 8, 2007 and March 13, 2007. The EEOC issued Plaintiff six (6) Notices of Right to Sue on January 11, 2008 and one (1) Notice of Right to Sue on February 12, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action on April 9, 2007, which is within the said ninety (90) day period.

## COMMON ALLEGATIONS

7.    Plaintiff began working for Defendant in July 2005 as a temporary stock clerk.

8.    On November 7, 2005, Defendant hired Plaintiff as a permanent stock clerk in its warehouse.

9.    At all times material hereto, Plaintiff met or exceeded the reasonable expectations of Defendant as evidenced by his hire as a permanent stock clerk, his consistent punctuality and his lack

of writeups or reprimands of any kind from July 2005 until August 11, 2007.

### COUNT I - AGE DISCRIMINATION - ADEA

10.     Paragraphs one (1) through nine (9) are incorporated by reference as if fully set forth herein.

11.     During the course of Plaintiff's employment with Defendant, Plaintiff's supervisor, Robert Melcher, made frequent and repeated derogatory age-related comments to Plaintiff and to his similarly situated colleagues, who are also above the age of fifty (50). Such comments include, but are not limited to:

    a.  "You're too old for this job."

    b.  "You older guys need to hurry up."

    c.  "Old age is not an excuse."

12.     On August 12, 2006, Melcher attempted to coerce Plaintiff into signing a negative write-up which stated that Plaintiff was late to work on November 11, 2005. During this meeting, Melcher covered up the contents of the write-up so Plaintiff could not see the nature of the accusations against him. When Plaintiff refused to sign the write-up without reading it, Melcher pushed Plaintiff, made an age related comment, and placed his hand over his utility knife in a threatening manner.

13.     On August 12, 2006, contrary to the accusation in Melcher's false write-up, Plaintiff attended an orientation meeting and then reported to work pursuant to Melcher's instructions.

14.      On August 28, 2006, Melcher gave Plaintiff the first negative performance review during his employment with Defendant. When pressuring Plaintiff to sign the performance evaluation, Melcher made derogatory comments to Plaintiff about his age.

15.     On September 5, 2006, after seeing a similar negative performance review for one of Plaintiff's coworkers, George Gibson, who was also in his 50's, specifically stating that "[a]ge is his reality but not a valid excuse," Plaintiff complained to Human Resources that he was subject to age discrimination, and filed a Charge of Discrimination.

16.     On November 9, 2006, Melcher's supervisor, Distribution Manager John Andrews told Plaintiff that he should not have filed his Charge of Discrimination and directed Plaintiff to a meeting where he presented Plaintiff with a write-up for two false accusations of tardiness and false allegation concerning a purportedly unauthorized absence.

17.     After Plaintiff informed Andrews that the reason he was tardy both times was because he was at meetings scheduled by Human Resources, and that the absence was an appropriate sick day, Andrews indicated that Plaintiff's actions were appropriate.

18.     On November 14, 2006, Andrews gave Plaintiff a Level 3 write-up for allegedly raising his voice. These allegations against Plaintiff were fabricated. Further, Plaintiff never received a Level 1 or Level 2 write-up prior to the issuance of this Level 3 write-up, making Andrew's write-up violative of Defendant's progressive discipline policy.

19.     On December 22, 2006, Melcher directed Plaintiff to perform extra work during a weekend shift that is customarily reserved for weekday shifts, without directing one of Plaintiff's similarly situated younger colleagues, Malcom Ellis, who was in his 20's, to also perform this extra work even though Ellis was working with Plaintiff.

20.     On December 29, 2006, Melcher forced Plaintiff and Gibson, who was also in his 50's to perform extra work during a weekend shift that is customarily reserved for weekday shifts.

21.     On February 14, 2007, Melcher continued his physically abusive behavior against

Plaintiff by poking Plaintiff in his chest while berating him verbally. Plaintiff complained to Human Resources concerning Melcher's physically abusive behavior, however, rather than following its policy of no tolerance with regard to physical threat or harassment of employees, vendors, or management, Defendant turned a blind eye to Melcher's misconduct.

22.     On information and belief, the reason Defendant ignored Plaintiff's complaint is pretextual for age discrimination, as Defendant customarily follows zero tolerance policy for workplace violence.

23.     At approximately 1:40 P.M. on March 8, 2007, Plaintiff filed a formal grievance against Defendant for failing to follow its policies and take action against Melcher for Melcher's physically threatening behavior motivated by Melcher's animus against Plaintiff on account of his age.

24.     At approximately 2:50 P.M. on March 8, 2007, after Plaintiff discovered that his timecard was deactivated, Plaintiff was summoned to a meeting with Andrews where Plaintiff's employment was terminated. Plaintiff was given no reason for the termination of his employment at the time his employment was terminated.

25.     Any reason proffered by Defendant for terminating Plaintiff's employment is pretext for age discrimination.

26.     As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject similarly-situated younger employees during Plaintiff's employment.

27.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his age, and have deprived Plaintiff the enjoyment of

all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.

28. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CLIFTON R. PORTER, prays for judgment against Defendant, RUSH UNIVERSITY MEDICAL CENTER, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole CLIFTON R. PORTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to CLIFTON R. PORTER;

E. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - ADEA

29. Paragraphs one (1) through fourteen (14) are incorporated by reference as if fully set forth herein.

30. On September 5, 2006, after receiving the first negative performance review in his history of employment with Defendant on August 28, 2006 and seeing a similar performance review of George Gibson who was also in his 50's, specifically stating that "[a]ge is his reality but not a valid excuse," Plaintiff complained to Human Resources that he was subject to age discrimination. This complaint to Human Resources reporting and opposing the discriminatory conduct constitutes protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq.

31. On September 5, 2008, Plaintiff filed a Charge of Discrimination reporting and opposing the discriminatory conduct of Defendant. Plaintiff's filing of his Charge of Discrimination constitutes protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq.

32. On November 9, 2006, Melcher's supervisor, Distribution Manager John Andrews told Plaintiff that he should not have filed his Charge of Discrimination and directed Plaintiff to a meeting where he falsely accused Plaintiff of violating Defendant's attendance and tardiness policies. After Plaintiff explained the situation, Andrews admitted that Plaintiff's conduct was appropriate.

33. On November 14, 2006, Andrews disciplined Plaintiff for fabricated reasons in a manner which failed to comport with Defendant's progressing discipline policy.

34. On November 15, 2006, Plaintiff filed an additional Charge of Discrimination alleging age discrimination and retaliation for engaging in protected activity by filing a Charge of Discrimination on September 5, 2006, and reported Andrews retaliatory conduct to Defendant's Human Resources Department. Both Plaintiff's reports of retaliation and his filing of his second

Charge of Discrimination constitute protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq.

35. On December 22, 2006, Melcher directed Plaintiff to perform extra work without directing Plaintiff's coworker Malcom Ellis, who did not in protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq., to perform this extra work even though Ellis was working with Plaintiff during this weekend shift.

36. On December 29, 2006, Melcher forced Plaintiff and Gibson, who also engaged in protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq by filing a Charge of Discrimination alleging age discrimination, to perform extra work during a weekend shift that is customarily reserved for weekday shifts.

37. On January 8, 2007, Plaintiff complained about Melcher's retaliatory conduct to Defendant's Human Resources department and filed a third Charge of Discrimination. Both Plaintiff's reports of retaliation and the filing of his third Charge of Discrimination constitute protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq.

38. On February 14, 2007, Melcher continued his physically abusive behavior against Plaintiff by poking Plaintiff in his chest while berating him verbally. Plaintiff complained to Human Resources concerning Melcher's physically abusive behavior, however, rather than following its policy of no tolerance with regard to physical threat or harassment of employees, vendors, or management, Defendant turned a blind eye to Melcher's misconduct.

39. On information and belief, the reason Defendant ignored Plaintiff's complaint is pretextual for retaliation against Plaintiff for engaging in protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 et. seq., as Defendant customarily follows zero tolerance

policy for workplace violence.

40. At approximately 1:40 P.M. on March 8, 2007, Plaintiff filed a formal grievance against Defendant for failing to follow its policies and take action against Melcher for Melcher's physically threatening behavior motivated by Melcher's animus against Plaintiff on account of his retaliatory behavior against Plaintiff for engaging in protected activity pursuant to the provisions of the ADEA, as amended, 29 U.S.C. § 621 <u>et. seq</u>.

41. At approximately 2:50 P.M. on March 8, 2007, after Plaintiff discovered that his timecard was deactivated, Plaintiff was summoned to a meeting with Andrews where Plaintiff's employment was terminated. Plaintiff was given no reason for the termination of his employment at the time his employment was terminated.

42. Any reason proffered by Defendant for terminating Plaintiff's employment is pretext for retaliating against Plaintiff for engaging in activity protected by the provisions of the ADEA, as amended, 29 U.S.C. § 621 <u>et seq.</u>

43. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition and reporting of age discrimination, in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621 <u>et seq.</u>

44. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the conduct of Defendant to be in violation of the rights guaranteed to

Plaintiff under appropriate federal law;

  B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully permit age discrimination or retaliation to persist in the workplace.

  C. Order Defendant to make whole CLIFTON R. PORTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

  D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

  E. Grant Plaintiff his attorney's fees, costs, disbursements; and

  F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

  45. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

            Respectfully submitted,

            CLIFTON R. PORTER, Plaintiff

            By /s/Lisa Kane
            Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, CLIFTON R. PORTER, declare under penalty of perjury that the foregoing is true and correct.

Executed August 22, 2008.

_____
CLIFTON R. PORTER

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Clifton Porter<br>8212 S Ridgeland Ave<br>Chicago, IL 60617 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail: 7099 3400 0014 4054 3201

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-02859 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*        1/11/08

John P. Rowe,<br>District Director        *(Date Mailed)*

Enclosures(s)

cc:    RUSH UNIVERSITY MEDICAL

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Clifton Porter
8212 S Ridgeland Ave
Chicago, IL 60617

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Certified Mail: 7099 3400 0014 4054 3201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02466 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*   1/11/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc: RUSH UNIVERSITY MEDICAL

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Clifton Porter<br>8212 South Ridgeland Avenue<br>Chicago, IL 60617 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail: 7099 3400 0014 4054 3201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02037 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*  1/11/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc:  RUSH UNIVERSITY MEDICAL

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Clifton Porter<br>8212 S Ridgeland Ave<br>Chicago, IL 60617 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

Certified Mail: 7099 3400 0014 4054 3201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02496 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*  1/11/08

John P. Rowe,  (Date Mailed)
District Director

Enclosures(s)

cc: **RUSH UNIVERSITY MEDICAL**

EEOC Form 161 (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Clifton Porter<br>8212 S Ridgeland Ave<br>Chicago, IL 60617 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail: 7099 3400 0014 4054 3201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02497 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                   1/11/08

John P. Rowe,                   (Date Mailed)
District Director

Enclosures(s)

cc:    RUSH UNIVERSITY MEDICAL

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Clifton Porter
8212 S Ridgeland Ave
Chicago, IL 60617

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Certified Mail: 7099 3400 0014 4054 3201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02038 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*    1/11/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc: RUSH UNIVERSITY MEDICAL

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Clifton Porter<br>8212 S Ridgeland Ave<br>Chicago, IL 60617 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0014 4054 3041

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-02039 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                02/12/2008

Enclosures(s)                                  *(Date Mailed)*

John P. Rowe,
District Director

cc: RUSH UNIVERSITY MEDICAL